■ In the Matter of DAY SURGICALS, INC., Petitioner, v STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR

article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales and use tax assessment pursuant to articles 28 and 29 of the Tax Law. Petitioner operates a retail drugstore. Following an audit of petitioner's books and records, the New York State Sales Tax Bureau issued a notice of determination and a demand for payment of sales and use taxes in the sum of $13,200.38 with interest and penalty in the amount of $4,186.62 due for the period March, 1971 through February, 1974. On August 17, 1979, respondent State Tax Commission sustained the assessment on petitioner's administrative appeal. Petitioner then commenced a CPLR article 78 proceeding which was dismissed on March 17, 1981 on the ground that petitioner had not fulfilled the condition precedent prescribed by section 1138 (subd [a], par [4]) of the Tax Law. Petitioner thereafter complied with the statutory requirement by issuing checks to respondent for taxes and interest and filed security for costs in the amount of $1,000. Petitioner recommenced the article 78 proceeding pursuant to CPLR 205 (subd [a]). Respondent moved to dismiss the petition, arguing that CPLR 205 (subd [a]) was inapplicable to extend the four-month Statute of Limitations (see Tax Law, § 1138, subd [a], par [4]; CPLR 217). The motion to dismiss was denied and respondent was directed to answer the petition. Petitioner contests the determination of respondent dated August 17, 1979 and respondent challenges the denial of its motion to dismiss. We hold that Special Term properly concluded that CPLR 205 (subd [a]) is applicable in the instant matter so that petitioner's proceeding is not time barred. CPLR 205 (subd [a]) provides: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action." We find unpersuasive respondent's argument that because of petitioner's failure to fulfill the statutory condition precedent, there was no action "commenced" within the applicable time period and, therefore, petitioner is ineligible for the six-month grace period provided by CPLR 205 (subd [a]). Legal authority is to the contrary and does not support respondent's view (see *Carrick v Central Gen. Hosp.*, 51 NY2d 242; *George v Mt. Sinai Hosp.*, 47 NY2d 170; *De Ronda v Greater Amsterdam School Dist.*, 91 AD2d 1088). The statute is designed to insure the right to a litigant who diligently seeks recourse in the courts. This broad purpose of the statute should not be aborted by narrow construction. We also find no merit to respondent's further contention that a distinction should be drawn between an action and a special proceeding for purposes of the six-month extension. Respondent points out that CPLR 205 refers to an action and not a special proceeding. However, CPLR 105 (subd [b]) specifically provides that the word "action" includes a special proceeding. We have held that CPLR 205 (subd [a]) is applicable to extend the commencement of a CPLR article 78 proceeding (see *Matter of Kinsella v Board of Educ.*, 64 AD2d 738). We conclude that the instant matter was commenced in timely fashion and is not time barred. With respect to the substantive question in the instant proceeding, i.e., petitioner's challenge to the computation of its tax liability, petitioner bears the burden of demonstrating by clear and convincing evidence that the amount of tax assessed was erroneous (*Matter of Skiadas v State Tax Comm.*, 95 AD2d 971; *Matter of Urban Liqs. v State Tax Comm.*, 90 AD2d 576). The Sales Tax Bureau, due to the inadequacy of petitioner's records, used purchases as the basis for determining petitioner's sales tax liability. This is in conformity with

section 1138 (subd [a], par [1]) of the Tax Law which provides that where records are insufficient, the amount of tax liability may be determined from such information as may be available. Respondent's use of purchases was appropriate under these circumstances. We note that petitioner's representative at the hearing also used purchases as a starting point. For the fiscal year ending March 31, 1974, petitioner's purchase journal showed purchases in excess of those reported on its Federal income tax return, i.e., $244,313.74 as compared to $222,620.50. The bureau, therefore, adjusted upward the purchases by the percentage differential between the two, namely, 9.74%. We hold that respondent was justified in this determination. Petitioner contends that it is entitled to purchase discounts. However, it has totally failed to substantiate discounts received during the period in question. Petitioner urges that the auditor did not properly consider petitioner's accounting method, an accrual basis, in computing its purchases. The record reveals that petitioner alternated between an accrual basis and a cash basis on its purchase records so that purchases could not be accurately determined. Petitioner has not demonstrated that the audit was erroneous in this respect. Its own illogical accounting methods have led to the bureau's use of a method which may be less than exact. The year 1973 was selected by the bureau to determine the ratio of taxable items purchased to nontaxable items purchased. The auditor examined purchase invoices from May and October, 1973. Projecting the figures from these two months over the entire year, the auditor arrived at a taxable ratio of 36.97%. Applying this percentage to petitioner's adjusted purchases resulted in taxable purchases, excluding purchases from cigarette suppliers, in the sum of $277,000.95. It was determined also that petitioner made additional purchases of taxable items in the amount of $22,858.17 from cigarette suppliers, excluding cigarettes, which did not appear in its records. These two figures added together indicate taxable purchases of $299,859.12. This total figure was marked up 53.94% in order to determine taxable sales for the period, excluding cigarettes, in the amount of $461,603.13. Petitioner had admitted that it did not record cigarette purchases during the test period of 1973. Petitioner now contends that its records were complete and that no estimate should have been made of its purchases from one of its cigarette suppliers. The record discloses that petitioner bought cigarettes from two suppliers: South Shore Tobacco & Candy, Inc. (South Shore), which supplied the tax auditor with accurate data as to purchases, and Suffolk County Tobacco & Candy Wholesalers, Inc. (Suffolk), which indicated that petitioner made weekly cash purchases during 1973. Using 10 invoices from Suffolk which identified petitioner as purchaser, the examiner extrapolated the amount thus obtained over the audit period to reach a figure as to total purchases. It was determined that petitioner bought $152,973.87 from South Shore and $40,781.52 from Suffolk for a total of $193,755.39. There is ample support for these audit calculations in the record. No markup percentage was applied to the cigarette purchases by the auditor as he found that petitioner sold cigarettes at cost. Also, no allowance for the State cigarette tax was made because the auditor concluded that petitioner improperly charged sales tax on the full selling price of cigarettes including the State cigarette tax. The record supports these calculations of respondent. At the hearing an invoice was introduced which showed that petitioner improperly collected sales tax. Petitioner attempted to explain away the invoice as an occasional lapse. Petitioner failed to prove that it charged the proper tax on cigarettes and its burden of proof was not sustained. An allowance of $36,000 was made for exempt Medicaid sales. The amount was agreed on by petitioner. Petitioner's contention that it was entitled to additional exemptions for sales to tax exempt groups must fall as it did not meet its burden in rebutting the presumption of subdivision (c) of

section 1132 of the Tax Law that taxable items were sold in taxable transactions. Petitioner's failure to maintain invoices of such sales allowed respondent to make the estimate it did. Petitioner also contends that respondent did not use the correct "weighted average" markup in its audit in that no allowances were made for store sales or sales at or below cost. Petitioner's failure to present proper records of such sales and also of losses due to damage or burnt greeting cards necessitated an estimated marking. Petitioner has failed to present evidence that respondent's estimate was in error. Including cigarettes, the audited taxable sales for the period were $623,030.52. Petitioner had reported taxable sales of $420,486. The additional taxable sales were found to be $202,544.52. To this was added $369.97 of expense purchases subject to use tax. From these figures came the assessment of $13,176.95 for sales tax, $23.42 for compensating use tax and $4,186.62 for penalty and interest. We conclude that petitioner has not demonstrated by clear and convincing evidence that the method of audit or amount of tax assessed was erroneous (see *Matter of Urban Liqs. v State Tax Comm.*, 90 AD2d 576, *supra*). Neither exactness in an audit nor an item-by-item analysis is required when petitioner's own faulty record keeping prevents exactness in the determination of the tax liability (see *Matter of Korba v New York State Tax Comm.*, 84 AD2d 655, 656, mot for lv to app den 56 NY2d 502; *Matter of Convissar v State Tax Comm.*, 69 AD2d 929). Accordingly, the determination should be confirmed. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.