(August 9, 1984)

■ FRANCISCO F. BERNARDEZ et al., Appellants, v FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of American Bank & Trust Company, Respondent. — Judgment, Supreme Court, New York County (Fraiman, J.), entered August 5, 1983, granting defendant's motion to dismiss the complaint as time barred, affirmed, with costs and disbursements.

Subdivision 3 of section 625 of the Banking Law provides that an action by claimants against a receiver of a failed bank for recovery upon a nonapproved claim must be filed "[a]t the expiration of eighty days after the last date fixed by the superintendent for the presentation of claims and at any time within six months thereafter". This requirement has been construed to be a condition precedent to the institution of an action rather than a Statute of Limitations. (*Zuroff v Westchester Trust Co.*, 273 NY 200, 203.) Plaintiffs, whose timely action in the Federal courts for the same claim as is asserted here was dismissed because of lack of subject matter jurisdiction, claim that CPLR 205 (subd [a]) permits the filing of a new action in the State court within six months after the termination of the prior action when the previous action was dismissed for, *inter alia,* lack of subject matter jurisdiction.

On that issue, however, *Carr v Yokohama Specie Bank* (272 App Div 64, affd 297 NY 674) is dispositive. There, the court held that the ameliorative tolling or extension provisions of the then Civil Practice Act did not apply where the time period within which a claim must be filed is viewed as a condition precedent, rather than a Statute of Limitations. Conceding that the rule was drastic, and citing *Zuroff* (*supra*), the court stated (p 67), the "provision that the Superintendent shall have no power to accept any claim presented after the date specified operates as a prohibition." The court added (p 69) that the Legislature apparently intended to prevent a situation where a multitude of investors could not "obtain their liquidation dividends for a protracted length of time."

While, concededly, the availability of deposit insurance and the procedures now in place militate against the likelihood that depositors will remain without their funds for any significant period of time, the statute, when drafted, had a legitimate purpose, is free from constitutional infirmity, and must thus be enforced by the courts. If subdivision 3 of section 625 of the Banking Law no longer serves the purpose for which it was enacted that is a matter for the Legislature, not the judiciary. (See *Camarella v East Irondequoit Cent. School Bd.*, 34 NY2d 139, 142.) *George v Mt. Sinai Hosp.* (47 NY2d 170) and *Carrick v Central Gen. Hosp.* (51 NY2d 242), upon which the dissent relies, are inapplicable here, since they concern the Statute of Limitations and not a condition precedent. Finally, the courts have held, even where constructive notice is received within the applicable time period, that a failure to comply with a condition precedent is fatal. (See, e.g., *Pugh v Board of Educ.*, 30 NY2d 968.) Concur — Murphy, P. J., Sullivan, Silverman and Fein, JJ.

Kuperfman, J., dissents in a memorandum as follows: I would reverse and deny the motion to dismiss the complaint under section 625 of the Banking Law for untimeliness. Plaintiffs should be afforded the six-month grace period provided by CPLR 205 in which to commence this action after the Federal court dismissed their prior action for lack of subject matter jurisdiction.

This litigation arises out of the collapse of the American Bank & Trust Co. (ABT). In 1976, the Superintendent of Banks of the State of New York took possession and control of the business and assets of ABT (see Banking Law, § 606) and appointed the FDIC as receiver of ABT (see Banking Law, § 634). Ultimately, Bank Leumi assumed all of the liabilities and succeeded to all of the assets of ABT. Pursuant to a collateral agreement, the FDIC, acting in its corporate capacity, indemnified Bank Leumi for any liability incurred in excess of the assets of ABT. This action seeks damages in the amount of $1,395,000 plus interest from 1976 against the FDIC, as receiver, for allegedly wrongfully disallowing plaintiffs' claim.

After the FDIC disallowed plaintiffs' claim in 1977, plaintiffs commenced an action in Federal court within the six-month period set by subdivision 3 of section 625 of the Banking Law in which such actions must be brought. By consent order dated December 9, 1982, the United States District Court of the Southern District of New York dismissed the action in its entirety for lack of subject matter jurisdiction, having previously, by order dated January 3, 1979, dismissed that count of the amended complaint which sought damages against the FDIC *as receiver*. Thus, between 1979 and 1982, the only action before the Federal court was against the FDIC in its corporate capacity. Nonetheless, the matter was not finally determined in the Federal court until entry of the consent order in 1982, and no appeal could have been taken from the dismissal of the count against the FDIC as receiver. (See Fed Rules Civ Pro, rule 54, subd [b] [in US Code, tit 28, Appendix].) Plaintiffs promptly commenced this action in New York Supreme Court in less than one week after the consent order was signed.

Special Term granted defendant's motion to dismiss stating that the six-month period prescribed by subdivisions 3 and 4 of section 625 of the Banking Law is a condition precedent that had not been satisfied. (See *Carr v Yokohama Specie Bank,* 272 App Div 64, affd without opn 297 NY 674.)

I would hold that the condition precedent was duly satisfied by the commencement of the Federal court action within the six-month period set by the Banking Law. The action should be

heard on its merits rather than dismissed for plaintiffs' failure to comprehend fully the intricacies of Federal subject matter jurisdiction.

CPLR 205 (subd [a]), by its terms, applies here. That section reads: "New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action * * * within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action."

There can be no question that the present action would have been timely had it been brought at the time the Federal action was commenced.

CPLR 205, as an ameliorative provision, should be construed liberally with due consideration given to the purpose of the limitation period affected. (See *George v Mt. Sinai Hosp.*, 47 NY2d 170, 177; *Carrick v Central Gen. Hosp.*, 51 NY2d 242; cf. Siegel, No Six-Month Period For New Action If Prior One Dismissed For Want Of Personal Jurisdiction Or For Service of Bare Summons, NY State L Digest, No. 292, April, 1984, pp 1-2.) Here, the FDIC unquestionably received timely notice of plaintiffs' claim, and no prejudice can result to the other depositors of ABT.