■ In the Matter of MORRIS INVESTORS, INC., et al., Respondents, v COMMISSIONER OF FINANCE OF THE CITY OF NEW YORK, Appellant.—Order, Supreme Court, Bronx County (Wallace Cotton, J.), entered April 27, 1984, affirmed, without costs and without disbursements. Kassal, J., concurs in a memorandum in which Rosenberger, J., concurs; Wallach, J., concurs in a separate memorandum; and Sandler, J. P., and Asch, J., dissent, each in a separate memorandum, all as follows:

Kassal, J. We affirm, essentially for the reasons stated by Justice Cotton at Special Term, but would add the following:

The facts are relatively simple. On April 14, 1983, the City Commissioner of Finance served a final determination, advising petitioners of a real property tax deficiency of $9,699.35. On August 15, 1983, after unsuccessfully pursuing administrative remedies, they timely commenced a CPLR article 78 proceeding to annul that determination. Since petitioners had failed to deposit the amount of the tax deficiency or post an undertaking, a condition precedent under Administrative Code of the City of New York § II46-7.0, the Commissioner moved to dismiss in lieu of answering. The motion, served September 8, 1983, was returnable September 13, the same date the article 78 proceeding was returnable at Special Term. On September 12, one day *prior* to the return date, petitioners deposited the disputed tax and posted the required bond. On September 26, 1983, Justice Kent dismissed the proceeding on procedural grounds, holding that it should have been instituted by order to show cause, not by notice of petition. However, in dismissing, the court expressly granted petitioners leave to renew.

Less than one month later, on October 19, 1983, petitioners renewed their application by commencement of this article 78 proceeding, by an order to show cause served October 20, 1983. Prior to answer, the Commissioner again moved to dismiss, on the basis that there was no timely compliance with the condition precedent in Administrative Code § II46-7.0.

Special Term denied the motion, concluding that CPLR 205 (a) afforded petitioner an additional six months to reinstitute the proceeding after the first proceeding had been dismissed, without prejudice and with leave to renew. In doing so, it relied upon the decision of the Third Department in *Matter of Day Surgicals v State Tax Commn.* (97 AD2d 865), involving essentially the same factual situation as in this case.

In *Day Surgicals (supra),* petitioner sought to challenge a sales tax deficiency assessment by the institution of an article 78 proceeding within the four-month Statute of Limitations in Tax Law § 1138 (a) (4). The petition was dismissed since there had not been compliance with a condition precedent in the statute, namely, the payment of the tax and the filing of an undertaking. After the dismissal, petitioner paid the disputed tax and recommenced the article 78 proceeding, which it claimed was timely under CPLR 205 (a). The Appellate Division, Third Department, affirmed the denial of respondent's motion to dismiss, relying upon the Court of Appeals construction of CPLR 205 (a) in *George v Mt. Sinai Hosp.* (47 NY2d

170) and *Carrick v Central Gen. Hosp.* (51 NY2d 242), and observed: "The statute is designed to insure the right to a litigant who diligently seeks recourse in the courts. This broad purpose of the statute should not be aborted by narrow construction" (97 AD2d, at p 866).

In our view, although not critical to this determination, this case poses a stronger factual basis than *Day Surgicals (supra)*, since here, the dismissal of the first proceeding, which was timely instituted, was expressly "without prejudice and with leave to renew". Although the Administrative Code makes payment of the tax and filing of an undertaking a condition precedent, the condition was satisfied prior to the dismissal of the first proceeding on procedural grounds and prior to the reinstitution of this proceeding one month later. Plainly, there was no resulting prejudice to the Commissioner and none has been claimed. *(See, Carrick v Central Gen. Hosp., supra*, at p 254 [Fuchsberg, J., concurring].)

On review of the record and in light of the remedial purpose of the statute, we find the proceeding timely under CPLR 205 (a). *Bernardez v Federal Deposit Ins. Corp.* (104 AD2d 309, *affd for reason stated in mem of App Div* 64 NY2d 943), relied upon by appellant, is inapposite. In that case, a timely Federal action had been dismissed for lack of subject matter jurisdiction, whereupon plaintiffs brought a State action, relying upon the tolling provision in CPLR 205 (a). In affirming the judgment dismissing the complaint, we noted that there had not been compliance with a condition precedent contained in Banking Law § 625 (3), which required that an action to recover on a nonapproved claim against the receiver of a failed bank be filed within six months after the last date fixed by the Superintendent for the presentation of claims. The failure to satisfy the condition precedent was held to be fatal to the reinstituted action. This court concluded that CPLR 205 (a) was inapplicable, distinguishing *George v Mt. Sinai Hosp. (supra)* and *Carrick v Central Gen. Hosp. (supra)* on the basis that they concerned the Statute of Limitations, not conditions precedent.

While we recognize the distinction expressed in *Bernardez (supra)*, we do not find our holding in that case applicable here. The issue on this appeal concerns the timeliness of the proceeding, i.e., Statute of Limitations, not compliance with a statutory period of time which itself is a condition precedent, the precise issue in *Bernardez.* In *Bernardez,* the State action was commenced beyond the period of time allowed by Banking Law § 625 (3), a condition precedent, and, accordingly, we held

that the failure to institute suit within that period was absolute and operated to extinguish the right to sue. Here, however, the first proceeding was timely commenced, albeit improperly in that petitioners had not deposited the disputed tax and posted the required bond. While this deficiency rendered the first proceeding a "fatal defect" and "flawed" and subject to dismissal *(Carrick v Central Gen. Hosp., supra,* at p 249), the second proceeding was timely under CPLR 205 (a), considering the remedial nature and underlying purpose of the statute.

CPLR 205 (a) provides as follows: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same transaction or occurrence * * * within six months after the termination".

*George v Mt. Sinai Hosp. (supra)* and *Carrick v Central Gen. Hosp. (supra)* are controlling here. In *George,* an action which was commenced to recover for decedent's personal injuries was found to be a nullity because the administratrix, plaintiff in that action, was deceased when the suit was instituted. In *Carrick,* a wrongful death action was dismissed because, at the time the suit was instituted, plaintiff had not been duly appointed as administrator of the estate, a fatal defect. In both cases, there was a failure to comply with a condition precedent which rendered the first action subject to dismissal. Nevertheless, the Court of Appeals, in each case, in opinions by Judge Gabrielli, recognized that the ameliorative provisions of CPLR 205 (a) would apply to extend the Statute of Limitations period to reinstitute the action, notwithstanding the defects in the first action. The opinions are most instructive as to the remedial nature and purpose of CPLR 205 (a):

"[T]he function of the CPLR subdivision is to ameliorate the potentially harsh effect of the Statute of Limitations in certain cases in which at least one of the fundamental purposes of the Statute of Limitations has in fact been served, and the defendant has been given timely notice of the claim being asserted by or on behalf of the injured party. The statute is a remedial one, and, Judge CARDOZO has explained, '[i]ts broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the Courts' *(Gaines v City of New York,* 215 NY 533, 539). Hence, even if

the reason for the dismissal of the prior suit was the absence of subject matter jurisdiction, the statute has been found to apply *(Gaines v City of New York, supra),* although it is difficult to imagine a proceeding which could be considered more of a 'nullity' than one in which the court lacked subject matter jurisdiction (see *Lacks v Lacks,* 41 NY2d 71, 75) * * *

"The very function of that subdivision [CPLR 205 (a)] is *to provide a second opportunity to the claimant who has failed the first time around because of some error pertaining neither to the claimant's willingness to prosecute in a timely fashion nor to the merits of the underlying claim.* The statute by its very nature is applicable in those instances in which the prior action was properly dismissed because of some *fatal flaw;* thus, to suggest that it should not be applied simply because there was a *deadly defect* in the prior action seems nonsensical." *(George v Mt. Sinai Hosp., supra,* at pp 177-179 [emphasis added].)

Thus, in *George (supra),* the court sustained the timeliness of the second action under CPLR 205 (a), notwithstanding the fact that the first action did not satisfy a statutory requirement, namely, suit by a duly appointed administrator, a condition precedent and, as such, an essential element of the claim *(see, Carrick v Central Gen. Hosp., supra,* at p 250). In *Carrick (supra,* at p 249), the court reaffirmed its holding as to the remedial nature of the statute: "Our opinion in *George* thus stands squarely for the proposition that the extension provisions of CPLR 205 (subd [a]) are available to a plaintiff who seeks to recommence an action, notwithstanding that the prior action upon which the plaintiff relies was 'invalid' in the sense that it contained *a fatal defect* * * * [T]he fact that the prior action was so defective as to be 'tantamount to no suit whatsoever' simply does not preclude the use of that remedial provision to revive an otherwise time-barred cause of action, provided, of course, that a prior timely action, however flawed, actually was 'commenced' within the meaning of CPLR 304 [citing cases]. Although the 'defect' in the prior action in *George* was the named plaintiff's lack of capacity to sue, we find no reason to withhold application of the holding in *George* to a case such as this, where the 'defect' in the prior action was the absence of one of the formal elements of the cause of action, a duly appointed administrator" (emphasis added).

In our case, as in both *George (supra)* and *Carrick (supra),* there was a "fatal flaw" or "deadly defect" in the first proceeding which rendered it subject to dismissal—petitioners' failure to deposit the disputed tax and file the required bond.

As in both *George* and *Carrick,* there was noncompliance with a condition precedent and, for that reason, dismissal was mandated. In all three cases, plaintiff had proceeded in timely fashion by commencement of an action or proceeding, but there was an invalidity or defect unrelated to the underlying merits or plaintiff's willingness to timely prosecute *(see, George v Mt. Sinai Hosp., supra,* at pp 178-179). In our view, the rationale underlying both *George* and *Carrick* mandates that the remedial purpose of CPLR 205 (a) apply to extend petitioners' time to reinstitute the article 78 proceeding for purposes of Statute of Limitations.

The fact that the prior defect amounted to a failure to satisfy a condition precedent—the "fatal flaw" in *George (supra)* and *Carrick (supra)*—is not determinative. The situation here is distinguishable from that in *Bernardez (supra),* where the condition precedent, which had not been satisfied, was the statutorily directed period of time within which an action had to be commenced. It was on that basis that we held in *Bernardez* that the remedial provisions of CPLR 205 (a) were inapplicable. To conclude otherwise here would be inconsistent with the holdings and interpretation of the statute by the Court of Appeals in both *George* and *Carrick* and would disregard the ameliorative mandate of the statute. This would result in the very harsh effect which the Court of Appeals in its liberal construction expressly sought to avoid.

Under the circumstances, the matter should proceed to a resolution on the merits.

Accordingly, the order, Supreme Court, Bronx County (Wallace Cotton, J.), entered April 27, 1984, denying appellant's motion to dismiss and directing the Commissioner to answer the petition, should be affirmed, without costs or disbursements.

Wallach, J. I concur with my colleague Justice Kassal simply upon the ground that the language of the legislation we are called upon to construe leaves us no other choice under existing law. Administrative Code of the City of New York § II46-7.0 provides that a special proceeding of this kind "shall not be instituted unless: (a) the amount of any tax sought to be reviewed, with penalties and interest thereon, if any, *shall be first deposited* with the director of finance [now the Commissioner of Finance] *and there shall be filed with the director of finance an undertaking,* issued by a surety company * * * or (b) at the option of the applicant such undertaking filed with the director of finance may be in a sum sufficient to

cover the taxes, penalties and interest thereon stated in such determination plus the costs and charges which may accrue against it in the prosecution of the proceeding" (emphasis added).

On August 15, 1983, four months after service upon them of the challenged adverse final determination of the Commissioner of Finance, and on the very last day for timely commencement of the proceeding (CPLR 217) respondent petitioners commenced this CPLR article 78 proceeding to review an asserted real property tax deficiency. However, petitioners failed to comply with the threshold deposit requirement. Twenty-seven additional days of default elapsed, until September 12, 1983, before petitioners complied with this security provision and made deposit of the disputed assessment in the sum of $9,699.35 together with security for potential costs.

Clearly, as noted by Justice Kassal, failure to comply with this depository condition precedent should not render this proceeding any more fatally flawed than the failure to bring suit by a proper party plaintiff was in *George v Mt. Sinai Hosp.* (47 NY2d 170) and *Carrick v Central Gen. Hosp.* (51 NY2d 242)—defects did not affect the ultimate viability of those actions nor their amenability to the curative mechanism of CPLR 205 (a). That the flaw arises from noncompliance with a condition precedent no longer bars access to the Statute of Limitations with its tolls and extensions per se; only when the condition precedent is attached to a specific time period for compliance wholly dehors and without reference to the statute does rigor mortis of the action loom *(Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 264). Such was the situation in *Bernardez v Federal Deposit Ins. Corp.* (104 AD2d 309), where the legislation creating the remedy (Banking Law § 625 [3]) specified a nonextendable six-month period for relief. In the tax ordinance under review here, no fixed period for compliance is set forth; the condition precedent of deposit is only linked to a time prior to the commencement of the proceeding itself, and thus ineluctably to the applicable statutory limitation period (CPLR 217). If the Legislature wishes to fix an inexorable time period for compliance, it must so state in explicit terms.

Such an amendment of the ordinance would clearly accord with sound considerations of public policy. Over 50 years ago Justice Roberts observed in *Bull v United States* (295 US 247, 259) that "taxes are the life-blood of government, and their prompt and certain availability an imperious need." Our own Court of Appeals has noted that "[p]ublic policy requires that

the [tax] money shall be raised as speedily as possible" *(New York Cent. & Hudson Riv. R. R. Co. v City of Yonkers,* 238 NY 165, 179) and "[i]nasmuch as any unit of municipal government is dependent for operating funds on the collection of taxes and assessments and in turn such collection depends on the apportionment of the lump-sum revenue required among the many taxpayers, all considerations of practicality and fairness dictate that the necessary allocation of tax burden be concluded speedily." *(Press v County of Monroe,* 50 NY2d 695, 704.)* Obviously, to assure collection of revenue before litigation of the contested tax liability obviates the risk that the taxpayer may secrete or dissipate assets otherwise available to pay the tax before the conclusion of judicial review.

A recasting of this legislation in the form of an effective conditional limitation would also avoid the anomaly now presented—that inadvertent error or a shrewdly calculated blunder can effectuate the enlargement of a four-month compliance period to 10. It may be doubted whether the legislative draftsman contemplated such an outcome.

Sandler, J. P. (dissenting). The issue on this appeal has an unusually interesting aspect. In a persuasively reasoned opinion a majority of this court has determined the issue on the basis of a principle whose practical and policy implications are so doubtful and disquieting as to raise a substantial question as to the soundness of the underlying analysis.

In essence, the court has determined that an Administrative Code of the City of New York section requiring that proceedings to review tax determinations must be commenced within four months after notice is given, and further requiring as a condition to the commencement of such a proceeding that the taxpayer either pay the tax in dispute or give an undertaking to do so, may be effectively circumvented, and the taxpayer may secure an additional six-month period to comply with the condition, through the simple device of violating the statutory direction to make the payment or give the undertaking before commencing the proceeding. It is difficult to believe that this can be right.

Appreciating the important ameliorative purposes intended to be achieved by CPLR 205 (a), and fully agreeing that the section should be liberally construed to achieve those purposes, I do not believe that section is correctly construed as empowering a taxpayer, in his own discretion, to circumvent the manifest intent of the principal condition imposed by law on the commencement of a tax review proceeding, and to

impair significantly the important public purpose sought to be achieved by that condition.

An examination of the opinions in *George v Mt. Sinai Hosp.* (47 NY2d 170) and *Carrick v Central Gen. Hosp.* (51 NY2d 242) makes it immediately apparent that the situations addressed by the Court of Appeals in those cases and the policy implications of the results reached in them are significantly different from the problem with which we are here confronted. Although I acknowledge that the court's opinion is logically consistent with that which was said in *George* and *Carrick,* I am not persuaded that those decisions mandate the result here reached under significantly different circumstances, a result that undermines the important public policy clearly embodied in the governing Administrative Code section.

Asch, J. (dissenting). The result reached by the majority herein presents the very real possibility that, in the future, every taxpayer who seeks to challenge a tax deficiency determination will commence a CPLR article 78 proceeding four months after receiving notice of that determination, on the last day to do so, without posting the taxes due, or the bond, as required by the Administrative Code of the City of New York, as did petitioners in this case, and thereafter receive as a reward an additional six months to commence another proceeding challenging the determination. I feel the majority unwisely allows this six-month extension of time to be tacked on to the short four-month period expressly provided by the tax statute for the commencement of a special proceeding.

In any event, I do not believe CPLR 205 (a) applies in the situation before us, where the tax statute contains the four-month limitation of time provision and also sets a condition precedent to commencement of a proceeding.

Administrative Code § II46-7.0 (Real Property Transfer Tax Law) provides, in pertinent part: "The determination of the director of finance shall be reviewable * * * by a proceeding * * * *if application therefor is made to the supreme court within four months after the giving of the notice of such determination*" (emphasis added). It further provides that: *"A proceeding * * * shall not be instituted unless:* (a) *the amount of any tax* sought to be reviewed, with penalties and interest thereon, if any, *shall be first deposited* with the director of finance [now Commissioner of Finance] *and there shall be filed* with the director of finance *an undertaking,* issued by a surety company * * * *to the effect* that if such proceeding be dismissed or the tax confirmed, *the petitioner will pay all costs and charges* which may accrue in the prosecution of the

proceeding; or (b) * * * *such undertaking* * * *may be in a sum sufficient to cover the taxes, penalties and interest* * * *plus the costs and charges"* (emphasis added).

Petitioners, who served their petition on the last day to do so, failed to comply with this condition precedent in the Administrative Code when the petition was served. Accordingly, the petition was not "timely commenced" within the meaning of CPLR 205 (a), which precludes them from commencing a new action pursuant to that section.

In addition, Administrative Code § II46-10.0 provides that the remedies set forth in sections II46-7.0 and II46-8.0 (dealing with refunds) "shall be *exclusive* remedies available to any person for the review of tax liability" (emphasis added). Pursuant to CPLR 101, the CPLR governs procedure in all proceedings "except where the procedure is regulated by inconsistent statute". Thus, the "exclusive" remedy provided in section II46-7.0 appears to supersede the six-month grace period provided by CPLR 205 (a). *(See, Matter of Trustees of Sailors' Snug Harbor v Tax Commn.,* 26 NY2d 444, 450.) This should be especially applicable in the situation before us involving a taxing statute. As the United States Supreme Court has recently noted: "Deadlines are inherently arbitrary; fixed dates, however, are often essential to accomplish necessary results. The government has millions of taxpayers to monitor, and our system * * * simply cannot work on any basis other than one of strict filing standards. Any less rigid standard would risk encouraging a lax attitude toward filing dates. Prompt payment of taxes is imperative to the government" *(United States v Boyle,* 469 US 241, 249; *see also, Bull v United States,* 295 US 247, 259).