OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
On August 15, 1983 — the last day of the four-month limitations period for seeking review of a real property tax deficiency assessment — petitioners commenced an article 78 pro *935 ceeding to challenge a deficiency assessed against them. Respondent Commissioner moved to dismiss the proceeding because, prior to its commencement, petitioners had failed to deposit the amount of the tax deficiency or post an undertaking, as required by Administrative Code of the City of New York § II46-7.0 (now § 11-2107); respondent’s motion, however, was never actually submitted to the court. The court sua sponte dismissed the petition, "without prejudice and with leave to renew,” on the ground that the proceeding should have been commenced by order to show cause rather than notice of petition. Petitioners deposited the tax and posted the bond and thereafter, on October 19, 1983, commenced the present article 78 proceeding by order to show cause. Respondent again moved to dismiss based upon petitioners’ failure to comply with Administrative Code § II46-7.0 before the first proceeding. Special Term denied the motion on the ground that, under CPLR 205 (a), petitioners were permitted an additional six months after dismissal of the first suit in which to commence a new proceeding. The Appellate Division, by a divided court, affirmed and granted leave to appeal on a certified question.
"If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same transaction or occurrence * * * within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action.” (CPLR 205 [a].) This section may be applied in article 78 proceedings (see, CPLR 105 [b]; Matter of Day Surgicals v State Tax Commn., 97 AD2d 865; Matter of Kinsella v Board of Educ., 64 AD2d 738). Respondent urges, however, that petitioners must be denied the benefit of the six-month grace period because they failed to deposit the tax or post an undertaking before serving their first petition, and the proceeding was therefore not "timely commenced” within CPLR 205 (a). We disagree.
CPLR 205 (a), a remedial provision protecting the right of litigants who have given timely notice of the assertion of their claims, "has its roots in the distant past” (Gaines v City of New York, 215 NY 533, 537 [Cardozo, J.]; see, 1 Weinstein-Korn-Miller, NY Civ Prac fl 205.01); "[i]ts broad and liberal purpose is not to be frittered away by any narrow construction.” (Gaines v City of New York, supra, at 539; George v Mt. *936 Sinai Hosp., 47 NY2d 170, 177; Carrick v Central Gen. Hosp., 51 NY2d 242; see also, CPLR 104.) Here, petitioners’ first suit was actually "commenced” (CPLR 304) by service of process upon respondent; that service was made within the four-month limitations period specified by Administrative Code § II46-7.0 (see also, CPLR 217). Thus, the proceeding was "timely commenced” against respondent within the meaning of CPLR 205 (a). That the first proceeding may have been defective for failure to deposit the tax or post a bond does not put it beyond the saving provision of CPLR 205 (a). The statute by its very terms comes into operation in instances where a proceeding has been terminated for some fatal flaw unrelated to the merits of the underlying claim (see, George v Mt. Sinai Hosp., supra, at 177-179), and it is to be liberally construed.
Nor can we agree with respondent that the failure to deposit the tax or post a bond within four months is a condition precedent that nullifies the underlying right to bring an action (see, Siegel, NY Prac § 34). To be distinguished from the Administrative Code provisions in issue here — which specify no particular time limitation for the deposit or undertaking apart from the four-month limitations period for commencement of article 78 proceedings generally — are situations where a right to seek relief is specifically conditioned upon compliance with a particular time requirement rather than, or in addition to, a Statute of Limitations (see, e.g., Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256; Bernardez v Federal Deposit Ins. Corp., 104 AD2d 309, affd for reason stated in App Div mem 64 NY2d 943). Here, the condition of a deposit or undertaking is linked only to the statutory limitations period for bringing suit, and thereby becomes subject to CPLR 205 (a).
Finally, allowing petitioners the six-month grace period provided by CPLR 205 (a) does not undermine the "pay first, litigate later” scheme of tax litigation (dissent, at 937). Taxpayers still must prepay the disputed tax, including interest and penalties, before their actions may be maintained. If indeed the Legislature fears the dire consequences foreseen by the dissent from application of CPLR 205 (a) to this situation, then it lies wholly within the legislative province to make explicit an intention and requirement that the deposit and undertaking themselves be made within a specified time as a condition precedent to suit. Otherwise, a prelitigation requirement tied only to the Statute of Limitations for the underly *937 ing action may fall within the liberally construed purview of CPLR 205 (a).