08-2149-cv
Doyle v. American Home Products Corporation

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**


August Term, 2008


(Argued: July 15, 2009     Decided: September 29, 2009)

Docket No. 08-2149-cv


- - - - - - - - - - - - - - - - - - - -X


ROBERT DOYLE,
          Plaintiff-Appellant,

          -v.-                                    08-2149-cv

AMERICAN HOME PRODUCTS CORPORATION AND
AMERICAN CYANAMID COMPANY,
          Defendants-Appellees.


- - - - - - - - - - - - - - - - - - - -X


Before:        JACOBS, Chief Judge, SACK, Circuit Judge, and
               GOLDBERG, Judge.[*]


     Plaintiff Robert Doyle appeals from a district court

order dismissing his case as untimely under the relevant

statute of limitations.  The district court concluded that a

_____

          [*] The Honorable Richard W. Goldberg, United States
Court of International Trade, sitting by designation.

dismissal in state court for failure to appear at a court conference constituted a dismissal "for neglect to prosecute" such that Doyle could not avail himself of a six-month tolling provision under New York Civil Practice Law and Rules section 205(a). For the foregoing reasons, we affirm the dismissal.

TODD C. BANK, Kew Gardens, New York, for Appellant.

LAUREN J. ELLIOT, (Daniel J. Thomasch, on the brief), Orrick, Herrington & Sutcliffe LLP, New York, New York, for Appellees.

DENNIS JACOBS, Chief Judge:

Robert Doyle's 1996 suit against a pharmaceutical manufacturer alleging injury for a drug he took in 1989 and 1993, was dismissed in 2006 by the New York state court after Doyle and his attorney failed to appear at a scheduling conference. When Doyle later commenced this diversity suit on the same claim, Doyle resisted the drug company's limitations defense on the ground that the New York Civil Practice Law and Rules ("CPLR") section 205(a) tolls the statute of limitations during the pendency of the prior action, and for six months after dismissal, if the

2

prior action was dismissed for a technical reason, but not if the prior action was dismissed for "neglect to prosecute."[1] Doyle now appeals from the order entered by the United States District Court for the Eastern District of New York (Korman, J.) on April 1, 2008, which dismissed his federal action pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the ground that the statute of limitations--long exceeded--had not been tolled. Doyle v. Am. Home Prods. Corp., No. 06 Civ. 5392 (ERK) (E.D.N.Y. Mar. 31, 2008). The question on appeal is whether the dismissal in state court constituted a dismissal "for neglect to prosecute."

**I**

The State Court Litigation. Doyle commenced this personal injury action in New York State Supreme Court, Kings County, in May 1996, alleging injuries arising from

---

[1] The statute was amended in July 2008. However, that amendment was not in effect at the time of the state court dismissal (March 2006) or the district court dismissal (April 2008), and "[g]enerally, an amendment will have prospective application only, and will have no retroactive effect unless the language of the statute clearly indicates that it shall receive a contrary interpretation." N.Y. Stat. Law § 52. Section 205(a), as amended, contains no language indicating that it should be applied retroactively; accordingly, we do not apply it to the present dispute.

his 1989 and 1993 ingestion of "Minocin," a drug manufactured and sold by Defendants, American Home Products Corporation, now known as Wyeth Holdings Corporation, and its subsidiary, American Cyanamid Company ("Defendants"). The suit asserted claims for negligence, warranty, strict products liability, and misrepresentation.

Defendants' motion for summary judgment was granted in March 2000, and re-argument was denied. In April 2000, Doyle appealed, and in August 2001, the Appellate Division (Second Department) affirmed the dismissal of all claims other than breach of warranty.

On return to the trial court, the parties moved to compel discovery. In August 2002, Doyle was ordered within 60 days to (1) provide authorizations for the release of all medical records, and (2) respond to discovery requests that had been served five months earlier (in March 2002). More than three months later, Doyle had provided neither the authorizations nor the responses. A phone call to Doyle's attorney elicited a promise to provide the materials within two weeks. According to Defendants, neither Doyle nor his counsel provided the materials. In Doyle's affidavit, he insists that he served the authorizations upon Defendants

4

and that the issue was in dispute because Defendants mistakenly believed that they had not received all of the authorizations requested.  Doyle does not explain or excuse his failure to submit the discovery requests.

For the next two years, Doyle admits he did nothing to litigate the action.  In October 2005, Defendants served Doyle's attorney with a demand for resumption of prosecution.  Doyle's attorney indicated that his client intended to resume litigation and requested that Defendants respond to interrogatories submitted by Doyle approximately four years earlier.  In January 2006, Defendants reminded Doyle by letter that: (1) they had responded to the interrogatories three and one-half years earlier (in May 2002); and (2) Doyle was out of compliance with the August 2002 order requiring authorizations and responses within 60 days.

On March 2, 2006, approximately two months after the Defendants' letter, the court scheduled a status conference for March 21, 2006.  Neither Doyle nor his counsel appeared at the conference.

The Dismissal.  Section 202.27 of New York's Uniform Civil Rules for the Supreme Court and the County Court

("§ 202.27") confers authority on the court to dismiss a cause of action because of the failure of a party to appear at any court conference. 22 NYCRR § 202.27(b). On the day that Doyle and his attorney failed to appear, Justice Diana A. Johnson signed an order stating in its entirety:

> Dismissed for failure to appear at
> March 21, 2006 Court Ordered Status
> Conference.

The order was entered on April 3, 2006, and notice of entry of the order was served on Doyle's attorney on April 13, 2006.

The Federal Court Action. Doyle filed no motion to vacate the default, and filed no appeal from the dismissal. Instead, on September 19, 2006 (approximately five months after the dismissal), Doyle commenced the current action pro se in the Eastern District of New York, alleging diversity jurisdiction and pleading all four claims from the initial state court complaint.[2]

After some procedural maneuvering and at least one conference, Defendants moved on February 16, 2007 for judgment on the pleadings or (in the alternative) for summary judgment. Among other things, Defendants argued

---

[2] Doyle is now represented by counsel.

6

that Doyle's action was untimely and could not be saved by the tolling provision of CPLR 205(a), which affords no tolling when actions are dismissed "for neglect to prosecute."  N.Y. CPLR 205(a).  Doyle conceded that dismissal was appropriate for all claims except the breach of warranty claim (which was the only viable claim in state court by the time that action was dismissed).  As to that remaining claim, Doyle invoked section 205(a), the relevant version of which provides:

> If an action is timely commenced and is terminated in any other manner than by [1] a voluntary discontinuance, [2] a failure to obtain personal jurisdiction over the defendant, [3] a dismissal of the complaint for neglect to prosecute the action, or [4] a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence . . . within six months after the termination . . . .

N.Y. CPLR 205(a).

By Memorandum and Order dated March 31, 2008, the district court granted Defendants' motion and dismissed the action in its entirety, concluding that Doyle's laxness precluded him from the benefit of "the six-month time extension ordinarily awarded to a non-merits dismissal by CPLR 205(a)." (quotations omitted).  By order dated July 16,

7

2008, the district court declined to reconsider its order and reaffirmed its conclusion:

> [T]he immediate and precipitating cause of the dismissal . . . was the culmination of a course of conduct that plainly demonstrated a neglect to prosecute.  Even though the order did not specifically allude to the plaintiff's dilatory tactics that spanned years, [the dismissal] should be treated as one for neglect to prosecute.

Doyle v. Am. Home Prods. Corp., No. 06 Civ. 5392 (ERK), at 5 (E.D.N.Y. Mar. 31, 2008).  Doyle now appeals from that conclusion.

**II**

We review a dismissal under Rule 12(c) de novo.  Morris v. Shroder Capital Mgmt. Int'l, 445 F.3d 525, 529 (2d Cir. 2006).

Doyle argues on appeal that his failure to appear for a single court conference does not, in the circumstances presented here, constitute "neglect to prosecute" within the meaning of 205(a); accordingly, a dismissal under section 202.27(b) does not preclude the application of section 205(a)'s six-month tolling period.  According to Doyle, it does not matter that a state court could have dismissed an action for failure to prosecute unless the state court

8

actually _did_ so, and made findings to support that conclusion.

In response, Defendants argue that a dismissal for failure to appear can constitute a dismissal "for neglect to prosecute" when the record supports such a reading. Defendants argue that section 202.27 is simply a procedural tool available to effect such a dismissal.

**III**

The relevant version of section 205(a) provides that "[i]f an action is timely commenced and is terminated in any other manner than by . . . a dismissal of the complaint for neglect to prosecute the action . . . the plaintiff . . . may commence a new action . . . within six months after the termination . . . ." N.Y. CPLR 205(a). Case law exploring the purpose of 205(a) is well-developed and long-settled: the roots of 205(a) can be traced "to seventeenth century England," and "the remedial concept embodied in CPLR 205(a) has existed in New York law since at least 1788." Reliance Ins. Co. v. Polyvision Corp., 9 N.Y.3d 52, 56, 876 N.E.2d 898, 899 (N.Y. 2007).

"The obvious purpose of CPLR § 205(a) . . . is to prevent the general statute of limitations from barring

recovery because a court has ordered a timely action to be terminated for some technical defect that can be remedied in a new one." Graziano v. Pennell, 371 F.2d 761, 763 (2d Cir. 1967). The statute is "said to be an outgrowth of the ancient common law rule of 'journey's account,' a period allowed to permit a party, whose action had abated for matter of form, a reasonable time within which to journey to court to sue out a new writ." Id. (quotations omitted). However, in order to receive the benefit of 205(a) tolling, the litigant must have prosecuted his original claim diligently. Judge Cardozo described 205(a)'s precursor statute: "The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits." Gaines v. City of New York, 215 N.Y. 533, 539, 109 N.E. 594, 596 (N.Y. 1915) (emphasis added). The New York courts have affirmed this point again and again: "[t]he very function of [CPLR 205(a)] is to provide a second opportunity to the claimant who has failed the first time around because of some error pertaining neither to the claimant's willingness to prosecute in a timely fashion nor to the merits of the underlying claim." George v. Mount Sinai Hosp., 47 N.Y.2d 170, 178-79, 390

N.E.2d 1156, 1161 (N.Y. 1979); see also Morris Investors, Inc. v. Comm'r of Fin. of City of New York, 503 N.Y.S.2d 363, 366, 121 A.D.2d 221, 225 (1st Dep't 1986) (quoting George v. Mount Sinai Hosp.), aff'd, 509 N.E.2d 329 (N.Y. 1987); Graziano, 371 F.2d at 763 (quoting Judge Cardozo in Gaines v. City of New York); Producers Releasing Corp. v. Pathe Indus., 184 F.2d 1021, 1023 (2d Cir. 1950) (same). In short, the purpose of 205(a) is to save cases otherwise dismissed on curable technicalities--but only when the litigant has diligently prosecuted the claim.

Here, the district court's dismissal was proper because the record plainly reflects that Doyle failed to diligently prosecute his claim. Doyle initially filed suit in state court in 1996, failed to submit to discovery, and admittedly failed to take any action in the case for a two-year period. After prompting by the Defendants, he sought to revive the action, only to fail to appear for a conference shortly thereafter. Under these circumstances, we have no trouble concluding that the dismissal for failure to appear amounted to a dismissal "for neglect to prosecute" barring application of 205(a) tolling. See, e.g., Villanova v. King Kullen Supermarkets, 558 N.Y.S.2d 55, 56, 163 A.D.2d 203,

11

203 (1st Dep't 1990).

**IV**

Our conclusion, based on statutory purpose, decides a question that is not clearly answered in New York caselaw, but that we decline to certify. The parties cite cases on whether 205(a) tolling is available absent an express finding on neglect to prosecute. Compare Burns v. Pace Univ., 809 N.Y.S.2d 3, 4, 25 A.D.3d 334, 335 (1st Dep't 2006) ("we find that plaintiff was entitled to rely on the tolling provision in CPLR 205 (a) since the action was not dismissed for neglect to prosecute, even though there was sufficient evidence in the record to support such a dismissal"), with Andrea v. Arnone, 5 N.Y.3d 514, 520, 840 N.E.2d 565, 567 (N.Y. 2005) ("Our decisions make clear that the 'neglect to prosecute' exception in CPLR 205 (a) applies not only where the dismissal of the prior action is for '[w]ant of prosecution' . . . but whenever neglect to prosecute is in fact the basis for dismissal . . . ."), and Flans v. Fed. Ins. Co., 43 N.Y.2d 881, 882, 374 N.E.2d 365, 365 (N.Y. 1978) (concluding "inferentially" from the record before it that the "dismissal of the original, timely action was . . . for 'neglect to prosecute'"). These cases are

12

distinguishable from the facts before us on one ground or another: for example, Justice Johnson's order does not say whether "neglect to prosecute is in fact the basis for dismissal." Even so, we might ordinarily certify the question to the New York Court of Appeals. There are good reasons why we do not do so. First, the state courts have already thrown this case out, revived it, and then thrown it out again. They have expressed their desire to be rid of it (twice) and it would be an imposition on the state's highest court for us to serve it up again. Second, New York has well-developed case law on the purpose and application of CPLR 205(a) and its precursor statutes; that case law is unambiguous and provides more than ample foundation for our ruling. Third, certification is not necessary where precedent is clear and application of law to fact requires no grand or novel pronouncements of New York law. See, e.g., Regatos v. N. Fork Bank, 5 N.Y.3d 395, 400, 838 N.E.2d 629, 631 (N.Y. 2005) (accepting certification when disposition of the case involved "novel, important questions of New York law"). Finally, all the plaintiff has lost is a claim in which he has shown no more than lackadaisical interest.

**CONCLUSION**

For the foregoing reasons, the judgment and order of the district court is affirmed and the case dismissed.