■ In the Matter of DONALD M. KINSELLA, Petitioner, v BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 7 OF THE TOWNS OF AMHERST AND TONAWANDA et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent board of education which dismissed petitioner from his position as a tenured teacher. Petitioner had been a tenured physical education teacher in respondent board's school district for approximately 15 years when, on March 1, 1973, the principal of Sweet Home Central High School filed charges against petitioner alleging that he had used excessive physical force on several occasions when disciplining students. On March 5, 1973, the board noted unanimously that probable cause existed to support charges that on three separate occasions, petitioner had administered excessive corporal punishment to students and that such behavior constituted insubordination, incompetency and conduct unbecoming a teacher. Petitioner duly requested a hearing on these charges pursuant to section 3020-a of the Education Law. Before the scheduled date of the hearing, however, petitioner brought an action in Federal District Court seeking preliminary and permanent injunctive relief barring the hearing, and further seeking a declaratory judgment that sections 3012 and 3020-a of the Education Law were unconstitutional in that they violate petitioner's due process and free speech rights under the First and Fourteenth Amendments. On February 19, 1974, the District Court for the Western District of New York declared section 3020-a of the Education Law unconstitutional (*Kinsella v Board of Educ.*, 378 F Supp 54), relying on the absence of regulations requiring the board of education's decision to be based upon evidence elicited before the hearing panel or any requirement that it set forth the reasons and factual basis for the action taken. Respondent Commissioner of Education then adopted regulations requiring that the board be furnished a copy of the hearing transcript in disciplinary hearings (8 NYCRR 82.10 [h]) and that the decision of the board of education "shall be based solely upon the record in the proceedings before the hearing panel, and shall set forth the reasons and the factual basis for the determination" (8 NYCRR 82.11, now enacted as 82.10 [i]). Petitioner's

hearing was rescheduled. The hearing panel reported that petitioner had demonstrated "extreme overreaction" to instances of student misconduct by outbursts of unnecessary and potentially harmful corporal punishment. The panel recommended discipline short of termination. The respondent board unanimously found petitioner guilty of the three specific instances of excessive physical force contained in the original notice of charges. A majority of the board recommended discharge, and the penalty was carried out effective July 24, 1974. Petitioner then brought two motions for supplementary relief in Federal District Court, seeking to declare the amended regulations of the Commissioner of Education null and void and to vacate the board's determination on the ground that the hearing procedures violated due process guarantees. The relief was denied (*Kinsella v Board of Educ.*, 402 F Supp 1155) and the Second Circuit Court of Appeals affirmed (542 F2d 1165). Within six months of that affirmance petitioner brought this proceeding to review the board's determination and obtain reinstatement, with back pay and benefits. The first issue naturally confronted is the timeliness of the petition. Since CPLR 217 requires an article 78 proceeding to be brought within four months of the adverse determination, the proceeding is barred unless petitioner can invoke the saving provisions of CPLR 205 (subd [a]), which reads: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same cause of action within six months after the termination." Respondents concede, as they must, that the dismissal of petitioner's supplemental motions for want of a substantial Federal question, even though based upon a determination that the due process claims were "obviously frivolous", was a dismissal for lack of subject matter jurisdiction and not a final judgment on the merits (*Hagans v Lavine*, 415 US 528; *Bell v Hood*, 327 US 678). Respondents argue, instead, that the motions were not an "action" and, thus, the statute may not be invoked. We reject this argument. Petitioner brought his supplemental motions pursuant to a provision of the Declaratory Judgment Act (US Code, tit 28, § 2202) which reads: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." After obtaining a declaratory judgment, a plaintiff may move for further relief to give effect to the original decree, obviating the need to commence an entirely new action. Thus, it can be seen that in this instance the motion was, in effect, a substitute method for obtaining declaratory relief. Drawing a distinction between "motions" and "actions" under CPLR 205 (subd [a]) given these circumstances would violate the intent of the statute. Judge Cardozo said of a predecessor statute (Code Civ Pro, § 405): "The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." (*Gaines v City of New York*, 215 NY 533, 539.) The proceeding was timely interposed. We need not dwell on petitioner's challenge to the constitutionality of the newly amended regulations. The very regulations of the Commissioner of Education amended pursuant to the decision in *Kinsella v Board of Educ.* (378 F Supp 54, *supra*) and applied in petitioner's hearings, were passed upon by this court and upheld, first with respect to the commissioner's authority to promulgate

them *(Hodgkins v Central School Dist. No. 1 of Towns of Conklin, Binghamton, Kirkwood & Vestal,* 48 AD2d 302, mot for lv to app den 42 NY2d 807) and then with respect to their conformity with constitutional guarantees *(Matter of Polskin v Board of Educ.,* 49 AD2d 968, mot for lv to app den 40 NY2d 804). We reaffirm these holdings. Finally, petitioner argues that the determination of the respondent board is without basis in the record and that the punishment was excessive under the circumstances. We can see no merit to these contentions. Our review is limited. The board is free to draw reasonable conclusions from the facts on the record *(Matter of Stork Rest. v Boland,* 282 NY 256), and a reviewing court may only determine if those conclusions can be rationally supported *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 230). The record contains more than ample evidence to conclude that on three occasions petitioner used physical force beyond that warranted by the circumstances. We need go no further. These facts clearly support a charge of incompetence. As for the charge of insubordination, the record demonstrates both a board policy suggesting physical force be used to punish a student only when necessary and that it be applied moderately, and petitioner's knowledge of this policy. The charge is supported by substantial evidence in the record taken as a whole. Turning to the punishment imposed—discharge—it has been said that a court may vacate the punishment only when it is so disproportionate to the offense, in view of the circumstances, that it shocks one's sense of fairness *(Matter of Pell v Board of Educ., supra).* We recently held that punishment is a subject of broad discussion and one open to disagreement, and that the board must be given latitude in determining the penalty to be imposed *(Matter of Harris v Mechanicville Cent. School Dist.,* 57 AD2d 231). In view of the gravity of the charges and the failure of petitioner to heed admonishments, we do not believe respondent overstepped its bounds in discharging petitioner, nor is our sense of fairness insulted. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.