*313 OPINION OF THE COURT
Joseph Harris, J.
In Watkins v New York State Ethics Commn. (147 Misc 2d 350), this court upheld the constitutionality of the Ethics in Government Act (L 1987, ch 813), as it related to the financial disclosure requirements of Public Officers Law § 73-a, against general attacks under the 1st, 4th, 5th, and 14th Amendments of the US Constitution, and their counterparts under the New York State Constitution. This lawsuit, a combined CPLR article 78 proceeding, and an action for a declaratory judgment pursuant to CPLR 3001, continues the attack on the constitutionality of the Ethics in Government Act upon the following further grounds: (1) that the Legislature, in violation of the separation of powers provision of article III, § 1 of the NY Constitution, delegated to State agencies, and to the New York State Ethics Commission, the authority to determine which State employees are "policy makers” for the purpose of financial disclosure, without meaningful standards and guidelines, and that the designations of petitioners Grygas and Sykes by their respective appointing authorities as holding policy-making positions for purposes of financial disclosure under the Ethics in Government Act are arbitrary, capricious and irrational; (2) that the Ethics Commission has promulgated no procedures that substantially conform to the requirements of article 3 of the State Administrative Procedure Act, as mandated by the Ethics in Government Act; and (3) that the New York State Ethics Commission denied the requests of petitioners Martin Schwartz and Oswald Sykes for exemption from financial disclosure without making findings of fact and without stating specific reasons or the basis for said determinations.
THE FACTS
Petitioner Daniel L. Grygas is an employee of the Department of Audit and Control, holding the competitive civil service title of "Supervisor of Data Processing Operations”; petitioner Martin E. Schwartz is an employee of the Department of Motor Vehicles, holding the competitive civil service title of "Senior Motor Vehicle Referee”; petitioner Oswald Sykes is an employee of the Office of Mental Health, holding the competitive civil service title of "Chief of Mental Health Treatment Services”; petitioner Myron A. Hofer is an em *314 ployee of the Office of Mental Health, holding the competitive civil service title of "Psychiatrist III”; petitioner Barbara Zaron is an employee of the New York State Department of Social Services, holding the competitive civil service title of "Principal Social Services Program Specialist”; she sues individually and as president of petitioner Organization of New York State Managerial/Confidential Employees, Inc. (OMCE); a substantial percentage of OMCE’s membership is required to file financial disclosure statements; all of the above individual petitioners are required to file a financial disclosure statement under the Ethics in Government Act; petitioner Madeline Schwartz is the spouse of petitioner Martin Schwartz, and although she is not required to file a financial disclosure statement, she contests the right of the Ethics Commission to compel from her spouse information pertaining to her private affairs. Each of the above petitioners has standing, in whole or in part, to bring this lawsuit. (See, Watkins v New York State Ethics Commn., supra; Matter of Dairylea Coop. v Walkley, 38 NY2d 6.)
The New York State Legislature enacted the Ethics in Government Act (hereinafter referred to as the Ethics Law) as Laws of 1987 (ch 813), and which is now encompassed in the consolidated laws as Executive Law § 94 and Public Officers Law § 73-a. The provisions relevant to this proceeding became effective January 1, 1989.
Executive Law §94 established a New York State Ethics Commission (hereinafter referred to as the Commission), charged with administering the Ethics Law with respect to, inter alia, State officers and employees. The Ethics Law requires "officers and employees” of State agencies who receive annual compensation in excess of $30,000[1] per year or who hold policy-making positions, as annually determined by their appointing authority, to file with the Commission, by May 15 in each year, an "annual statement of financial disclosure” (hereinafter referred to as Disclosure Statement). This Disclosure Statement, the content of which is prescribed in Public Officers Law § 73-a (3), compels a detailed and specific accounting of the assets and liabilities of the reporting individual and his or her spouse.
*315 The information contained in Disclosure Statements will be available for public inspection except the categories listing the value or amount of any asset or liability or any item which is deleted for purposes of public disclosure in accordance with procedures hereinafter described. (Executive Law § 94 [17] [a] [1].)
The Ethics Law requires the Commission to promulgate guidelines to assist appointing authorities in determining which employees hold "policy-making” positions for the purpose of the statute. (Executive Law §94 [9] [d].) Pursuant to this direction, the Commission did issue "Guidelines for Determination of Persons in Policy-Making Positions” (hereinafter referred to as Guidelines).
Each appointing authority is required annually to determine which employees hold "policy-making” positions and to file a written list of such positions with the Commission. (Public Officers Law § 73-a [1] [c] [ii].)
State employees earning in excess of $30,000 (now $53,171) per year, who are not designated by their appointing authority as policy makers may apply to the Commission for an exemption from the financial disclosure filing requirement. Those who must file a Disclosure Statement by reason of being designated a policy maker are not eligible to apply for an exemption.
Exemptions may be granted, pursuant to Executive Law §94 (9) (k), where, in the discretion of the Commission, the public interest does not require disclosure and the applicant’s duties do not involve the negotiation, authorization or approval of:
"(i) contracts, leases, franchises, revocable consents, concessions, variances, special permits, or licenses as defined in Section 73 of the public officers law;
"(ii) the purchase, sale, rental or lease of real property, goods or services, or a contract therefor;
"(iii) the obtaining of grants of money or loans; or
"(iv) the adoption or repeal of any rule or regulation having the force and effect of law”.
The positions held respectively by petitioners Grygas, Sykes, Hofer and Zaron have been designated by their respective appointing authorities as "policy-making”, and accordingly these petitioners are not eligible to apply for an exemption from financial disclosure under Executive Law § 94 (9) (k). The *316 position held by petitioner Martin Schwartz was not designated as "policy-making”; thus as an employee receiving a salary in excess of the threshold he was required to file a Disclosure Statement and was eligible to file for an exemption; he did so, and his application was denied without any finding of fact in support of the determination.
The Public Advisory Council established by the Ethics Law is empowered to permit an employee required to file a Disclosure Statement to request a deletion of items of information on the copy of the Disclosure Statement made available for public inspection where the information will have no material bearing on the discharge of the person’s official duties, or an exemption from reporting items of information pertaining to one’s spouse or children where the spouse objects to providing the information, and where the information will have no material bearing on the discharge of that person’s official duties. (Executive Law § 94 [18] [h] [1], [2].)
Petitioner Hofer filed a request with the Public Advisory Council for deletion of certain items in his Disclosure Statement from public disclosure. As of the submission of this case, said request had not been acted upon.
THE LAW

Separation of Powers

Petitioners contend that the Ethics Law violates the separation of powers doctrine set forth in article III, § 1 of the NY Constitution, alleging that it improperly delegates the authority to State agencies and to the Ethics Commission to determine which State employees are "policy makers” without at the same time providing any meaningful standards or guiding principles. This contention is without merit.
Petitioners fall prey to the age-old fallacy known colloquially as mixing apples and oranges. The improper delegation of legislative power doctrine is primarily a substantive concept prohibiting an administrative agency from "making law.” Such is not the instant case. In the instant case it is the Legislature itself that has determined the substantive law. It is the Legislature itself that has determined there shall be an Ethics Law in New York State and what form it will take, not some administrative agency. It is the Legislature itself that has made the policy decision that there shall be a financial disclosure requirement for certain State employees, and determined the parameters of inclusion — namely, those who have *317 "policy-making” duties (a category clearly susceptible to that extrinsic corruptive influence sought to be done away with), and a further category based on a threshold compensation (on the theory that the greater the compensation of a State employee, the more likelihood that his duties will rise to the level of importance at which extrinsic corruption becomes a reasonable and realistic danger). All that is left to the administrative agencies is what is usually left to administrative agencies — that is, to decide which persons fit within the law as enacted by the Legislature. The determination of who is a policy maker is uniquely an administrative function.
The term "policy-making” is not some obscure, infrequently heard term, difficult to understand and to apply. It is a term frequently used, readily and uniformly understood and applied by all reasonable persons. One doesn’t have to be a Rhodes scholar to determine which duties constitute one a "policy maker” and which do not. A "policy maker” is simply one who makes policy. If this seems trite, it is because the term is so self-evident and intrinsically self-explanatory.
Compared to other guidelines approved by the courts, the term "policy-making” is clearly constitutionally precise. Thus, in Matter of Levine v Whalen (39 NY2d 510, 516), the Court of Appeals upheld the authority of the Health Commissioner to promulgate hospital construction standards pursuant to the legislative mandate " 'to provide for the protection and promotion of the health of the inhabitants of the state.’ ” And in Matter of Sullivan County Harness Racing Assn. v Glasser (30 NY2d 269, 276), the court upheld the authority of the Racing Commission to condition licenses with a proviso prohibiting televising racing events, under the Commission’s mandate to issue licenses when it determines the " 'public interest, convenience or necessity’ ” will be satisfied. And in Matter of Sleepy Hollow Lake v Public Serv. Commn. (43 AD2d 439 [3d Dept], lv denied 34 NY2d 519), the court upheld the authority of the Public Service Commission to require that extensions of electric and telephone lines to all new residential subdivisions be placed underground, pursuant to its mandate to regulate such improvements in furtherance of "the public interest.” (See also, Matter of Mandel v Board of Regents, 250 NY 173, 177 [holding that granting an administrative agency the power to determine "fitness” of a person to hold a license "does not constitute delegation of a legislative power”]; and see, Matter of Nicholas v Kahn, 47 NY2d 24 [involving a predecessor to the present Ethics in Government Act, in which the Court of *318 Appeals upheld the authority of the Chairman of the Public Service Commission to promulgate financial disclosure rules under a legislative mandate which established an advisory committee on ethical standards and authorized the committee to advise and assist State agencies to establish "rules and regulations relating to possible conflicts between private interests and official duties of present and former officers and employees” (see, Executive Law former § 74 [2] [c]; Public Officers Law § 74).
Petitioners allege that the same job title has been determined to be policy making in some agencies and not in others, and that this fact supports their contention that there are insufficient standards in the statute.
Far from demonstrating a need for more precise standards, this proves the wisdom of the Legislature in delegating the task of determining who is a policy maker to each agency. That the same job title in one agency may give rise to a finding that the employee is a policy maker, and in another agency that he is not, is neither surprising nor lacking in due process. Factors other than job titles and job descriptions must be considered in determining who is a policy maker — for example, actual tasks performed regardless of job titles or descriptions, and the nature and size of the respective agency. It is not at the remote legislative level, but at the intimate agency level, that it can be best determined what specific job is most susceptible to the danger of corruption.
In order to ameliorate the phenomenon noted by petitioners above, the Legislature in Executive Law § 94 (9) (d) required the Commission to promulgate guidelines to assist agencies in determining which employees hold policy-making positions.[2]
*319 The Guidelines set forth three simple and straightforward definitions of policy maker. The first is based on those employees designated managerial under section 201 (7) of the Civil Service Law because they "formulate policy.” The second is based on the designation by the Civil Service Department of positions in the noncompetitive class requiring the performance of "functions influencing policy”. The third definition defines policy maker on the basis of and consistent with the opinion of the United States Supreme Court in Branti v Finkel (445 US 507 [1980]) and Elrod v Burns (427 US 347 [1976]).
For all of these reasons it is clear that the framework adopted by the Legislature to determine the constituency of State employees subject to the financial disclosure requirement of the Ethics Law is fair, precise and constitutional, and does not involve an improper delegation of legislative power. Further, employees aggrieved by being designated policy makers may seek redress within the internal workings of the agency by which they are employed, and ultimately to the judicial system by an article 78 proceeding.

Judicial Review

The claim by petitioner Martin Schwartz that the Commission’s denial of his application pursuant to Executive Law § 94 (9) (k), for an exemption from filing a Disclosure Statement, without findings of fact or a statement of reasons or basis for the determination, has greater merit.
The decision of the Executive Director of the Commission, in pertinent part, simply reads as follows:
"From all of the information available to the Commission, it has been determined that, pursuant to Section 94 (9) (k) of the Executive Law, the application does not permit an exemption to be granted.
"Accordingly,
"Martin E. Schwartz "Sr. Motor Vehicle Referee "566 W. Market Street "Long Beach, N.Y. 11561
"is not exempt from the requirement set forth in Section 73-a of the Public Officers Law to file a Financial Disclosure Statement.
"The request for Exemption has been denied. ”
*320 In Kinsella v Board of Educ. (378 F Supp 54), a Federal District Court declared section 3020-a of the Education Law unconstitutional upon the basis of an absence of regulations requiring the Board of Education’s decision vis-á-vis teacher discipline to be based upon evidence elicited before the Hearing Panel, or any requirement that it set forth the reasons and factual basis for the action taken. Thereafter the Commissioner of Education adopted regulations requiring that the Board be furnished a copy of the hearing transcript in disciplinary hearings and that the decision of the Board of Education "shall be based solely upon the record in the proceedings before the hearing panel, and shall set forth the reasons and the factual basis for the determination” (8 NYCRR 82.11, expired and reenacted as 82.10 [i]; see, Matter of Kinsella v Board of Educ., 64 AD2d 738).
In Matter of Montauk Improvement v Proccacino (41 NY2d 913), the Court of Appeals held: " '[A] reviewing court, in dealing with a determination * * * which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis’ ”. (Securities Commn. v Chenery Corp., 332 US 194, 196, cited with approval Matter of Barry v O’Connell, 303 NY 46, 50-51.)
"Review is limited to a consideration of the statement of the factual basis for the determination and whether, in light of the agency’s own standards, the findings, supported by substantial evidence, sustained the conclusions. A court cannot surmise or speculate as to how or why an agency reached a particular conclusion. Failure of the agency to set forth an adequate statement of the factual basis for the determination forecloses the possibility of fair judicial review and deprives the petitioner of his statutory right to such review (Matter of Simpson v Wolansky, 38 NY2d 391, 396; Matter of Barry v O’Connell, supra).” (Matter of Montauk Improvement v Proccacino, supra, at 914.)
A court exceeds the appropriate boundary of judicial review when it fails to review an agency’s denial of an application on the specific ground involved by the agency and instead substitutes its own independent rationalization for upholding the agency’s determination. (Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588 [1982].) For that in effect *321 improperly converts a "review” proceeding into a "de novo” determination by the court.
"[J]udicial review of an agency decision is limited to the reasons given by the agency in its decision * * *. An agency cannot use its answer in a CPLR article 78 proceeding as a substitute for providing a rational reason for its determination.” (Matter of Central NY Coach Lines v Larocca, 120 AD2d 149,152.)
"It is important * * * that findings of fact be made in a manner such that the parties may be assured that the decision is based on evidence of record, uninfluenced by extra legal considerations”. (Matter of Simpson v Wolansky, 38 NY2d 391, 396 [1975].)
Finally, Executive Law § 94 (13) constitutes the New York State Ethics Commission, an agency within the meaning of article 3 of the State Administrative Procedure Act and mandates that the Commission promulgate rules respecting applications for deletions and exemptions from financial disclosure statements that "provide for due process procedural mechanisms substantially similar to those set forth in * * * article [3 of the State Administrative Procedure Act]”.
Section 307 of the State Administrative Procedure Act provides in pertinent part: "1. A final decision, determination or order adverse to a party in an adjudicatory proceeding shall be in writing or stated in the record and shall include findings of fact and conclusions of law or reasons for the decision, determination or order. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.”
Fundamental fairness and due process requires an administrative agency to make findings of fact whenever it makes a determination. A determination made by an administrative agency absent a factual rationale on the record is "arbitrary and capricious”. (Matter of Highland Brooks Apts. v White, 40 AD2d 178, 181 [1972].) With no findings of fact being made, petitioner Martin Schwartz is given no assurance that the Commission’s determination was arrived at rationally. (See, Matter of Scudder v O’Connell, 272 App Div 251 [1947].)
Accordingly, absent the setting forth of any findings of fact, or reasons or basis for the determination, the court finds the determination of the Commission, denying the application of petitioner Martin Schwartz, pursuant to Executive Law § 94 *322 (9) (k), for an exemption from the requirement under Public Officers Law § 73-a (3), of filing a financial Disclosure Statement, is arbitrary and capricious, and is declared null and void.
Anyone who feels this issue is minor and of little significance should disabuse themselves of that thought. The issue is of major constitutional proportion. As set forth in Watkins (supra) and in Barry v City of New York (712 F2d 1554), exemption and deletion procedures, such as those contained in the Ethics Law here under consideration, are necessary to vindicate the privacy rights of government employees subject to financial disclosure statutes. Without such safety valves for privacy interests, such statutes might well be unconstitutional under 4th Amendment analysis.
Judicial review is an integral part of the due process required for those safety-valve procedures, and where access to judicial review is flawed, or as in this case rendered ineffective by a failure of the Commission to make findings of fact or to state the factual basis for its determinations, this is tantamount to no judicial review and no due process. These safety-valve procedures, ostensibly a part of a constitutional immune system, then lose the ability to immunize a statute impacting upon privacy rights from constitutional attack.
This is recognized by section 94 (13) of the Executive Law, which, as stated above, requires the Commission to promulgate rules that provide due process procedural mechanisms respecting applications for deletions and exemptions from financial disclosure requirements. This necessarily includes findings of fact in support of determinations as a required part of those due process mechanisms. Yet, as of the date of the submission herein, no such rules containing such provisions for findings of fact had been promulgated. However, it appears that the Commission has just promulgated part 941 of its rules and regulations, entitled "Adjudicatory Proceedings and Appeals”, and scheduled to appear in the April 11, 1990 State Register, which incorporates the necessary due process concepts referred to herein. Section 941.12, entitled "Decision after Hearing or Proceeding”, recites, in pertinent part: "(1) All final recommendations of the hearing officer, and all of the decisions and determinations of the Executive Director and the Commission shall be in writing or stated in the record and shall include findings of fact, conclusions of law, [and] reasons for the decision or determination” (9 NYCRR 941.12).
*323 In addition, when faced with the choice of declaring a statute unconstitutional or interpreting the legislation in such a way as to supply a missing constitutional safeguard, courts have not hesitated " 'to embrace [the course] which will preserve [the statute’s] validity.’ ” (Matter of Bell v Waterfront Commn., 20 NY2d 54 [1967]; People v Finkelstein, 9 NY2d 342.) So too does this court choose such course, and there appearing no proscription in the statute itself, nor any expression of legislative intent to the contrary, and the court’s view in fact being supported by section 94 (13) of the Executive Law, and in order to assure the constitutionality of the statute, the court interprets and declares the Ethics in Government Act to require all adjudicative decisions and determinations made by the Commission or its Executive Director, including decisions and determinations upon applications for exemption or deletion from the requirements of financial disclosure, to be accompanied by written findings of fact or by a written statement of the reasons or the basis for such decision or determination.

Other Matters

The court has examined all other requests, demands, and arguments of all petitioners and finds them without merit.
CONCLUSIONS OF LAW
1. The Ethics in Government Act (L 1987, ch 813) as the same pertains to New York State employees and public officers — and as interpreted by this court — is hereby adjudged and declared constitutional, both under the United States Constitution and the Constitution of the State of New York (see, Watkins v New York State Ethics Commn., 147 Misc 2d 350, supra).
2. The determinations by the respective appointing authority, designating petitioners Grygas, Sykes, Hofer and Zaron "policy makers”, have a rational basis (see, Watkins v New York State Ethics Commn., supra).
3. The application for deletion of certain items from public disclosure filed by petitioner Hofer, not having been acted upon at the time of the submission herein, said matter is not ripe for adjudication; accordingly, that prong of the article 78 proceeding is dismissed, without prejudice.
4. All other prongs of the article 78 proceeding against *324 petitioners Grygas, Sykes, Hofer and Zaron are dismissed, with prejudice.
5. That prong of the article 78 proceeding brought by petitioners Martin E. Schwartz and Madeline Schwartz requesting an order and judgment annulling the determination by the Commission denying petitioner Martin E. Schwartz’ application, pursuant to Executive Law §94 (9) (k), for an exemption from filing a financial Disclosure Statement as arbitrary and capricious, is granted, and said matter is remitted to the New York State Ethics Commission for further action consistent with this opinion, and with instructions to make findings of fact in . support of whatever decision it may deem proper, based on the evidence previously presented (see, Matter of Montauk Improvement v Proccacino, 41 NY2d 913, supra); all other prongs of the article 78 proceeding brought by petitioner Martin E. Schwartz and Madeline Schwartz are dismissed, with prejudice.
6. All other requests for relief not specifically granted are in all respects denied.

. Effective January 1, 1990 this threshold has been eliminated and replaced by a criterion which in effect raises the threshold to an annual compensation in excess of $53,171 as of April 1, 1990, in addition to policy makers. (See, Watkins v New York State Ethics Commn., 147 Misc 2d 350,351, n 1.)

. The Commission’s guidelines are as follows:
" 'Policy-making position’ shall mean a position to which an individual has been appointed regardless of annual compensation and is either
"a. a position which has been determined to be managerial pursuant to subdivision 7 of section 201 of the Civil Service Law because the individual in the position formulates policy; or
"b. a position in the non-competitive class under section 2.2 of the classified service of the State of New York and, in appendix 1 of the rules and regulations of the Department of Civil Service, is designated by the symbol o on the basis that it requires the performance of functions influencing policy; or
"c. a position in which a person exercises responsibilities of a broad scope in the formulation of plan(s) for the implementation of action or policy for a state agency or has an effective or substantial influence on an individual in such a position.”