OPINION OF THE COURT
Peter Tom, J.
Petitioner moves for a judgment pursuant to CPLR article 78 (1) rescinding the determination of the New York State Department of Social Services (DSS) permanently terminating petitioner from participating in the New York State Medicaid program; (2) compelling respondent to restore petitioner as a participant of a Medicaid program and (3) determining that the termination of petitioner as a Medicaid provider by respondent was done in violation of petitioner’s constitutional rights and was arbitrary and capricious. Respondent cross-moves to dismiss the petition on various grounds including an assertion that the petition is barred by the Statute of Limitations.
Petitioner is a licensed pharmacy operating in Manhattan. Petitioner is enrolled as a provider in the New York Medicaid program. As a Medicaid provider, petitioner is able to render pharmaceutical services to Medicaid recipients.
Medicaid is a joint State and Federal program designed to provide care to the indigent. (42 USC § 1369a et seq.; Social Services Law § 363 et seq.) DSS is the "single State agency” charged with the supervision of New York’s Medicaid program and is empowered to adopt regulations governing the program (Social Services Law § 363-a [1], [2]).
On or about May 31, 1990, DSS sent petitioner written notification that its Medicaid provider status had been terminated effective June 30, 1990. Respondent’s determination to terminate petitioner’s provider status was based on an on-site inspection of petitioner’s pharmacy on May 31, 1990 in which violations were observed including: physician’s drug samples (illegal to dispense other than with authorization and only gratuitously) were found in the pharmacy in cardboard unit dose type packages for a total of 222 such packages; the pharmacy was repacking drugs without maintaining repacking records and without the proper labeling; and the repacks in the prescription vials did not bear statements of quantity.
*212 Petitioner’s provider status was terminated under 18 NYCRR 504.7 (a) which does not afford petitioner an administrative hearing or right to appeal.
On or about June 20, 1990, petitioner commenced an action pursuant to 42 USC § 1983 in the Eastern District of New York which sought, inter alla, declaratory and injunctive relief to declare 18 NYCRR 504.7 (a) as being violative of the Equal Protection and Due Process Clauses of the United States Constitution, and to permanently enjoin DSS from terminating it as a provider pursuant to 18 NYCRR 504.7 (a).
The District Court in an order entered August 16, 1990 found that 18 NYCRR 504.7 (a) did not infringe upon the pharmacy’s due process right but it did violate the Equal Protection Clause of the Fourteenth Amendment and permanently enjoined DSS from terminating petitioner pursuant to 18 NYCRR 504.7 (a).
DSS appealed the District Court’s order. The United States Court of Appeals for the Second Circuit in an order dated April 5, 1991 reversed the District Court and held that 18 NYCRR 504.7 (a) did not violate the Equal Protection and Due Process Clauses of the United States Constitution.
Petitioner commenced the instant article 78 proceeding on or about April 24,1991.
Respondent seeks in the instant cross motion to dismiss the petition on the ground, inter alla, that it is barred by the four-month Statute of Limitations under CPLR 217. Respondent argues that the termination of petitioner’s provider status became final and binding on May 31, 1990 and that the four-month Statute of Limitations began to run on that date. Respondent asserts that petitioner’s instant article 78 proceeding which was brought close to one year after DSS issued a final order of termination is barred by the Statute of Limitations.
Petitioner contends that the instant petition was timely commenced pursuant to CPLR 205 (a).
CPLR 205 (a) provides in pertinent part that: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termi *213 nation provided that the new action would have been timely commenced at the time of commencement of the prior action.”
Respondent argues that CPLR 205 (a) is not applicable to this proceeding since the Federal action was terminated on the merits, and that petitioner was not entitled to an additional six months after termination of the Federal action to bring another action or proceeding.
Under CPLR 205 (a), the petitioner has six months to commence a new action if the prior action was terminated other than by a voluntary discontinuance, a dismissal for neglect to prosecute, or a final judgment upon the merits.
CPLR 5013 provides that "[a] judgment dismissing a cause of action before the close of the proponent’s evidence is not a dismissal on the merits unless it specifies otherwise, but a judgment dismissing a cause of action after the close of the proponent’s evidence is a dismissal on the merits unless it specifies otherwise.”
Petitioner’s challenge of the constitutionality of 18 NYCRR 504.7 (a) in the District Court and the subsequent appeal to the Second Circuit Court of Appeals did not address the underlying merits of this proceeding but only raised the constitutional question of whether 18 NYCRR 504.7 (a) violated the Due Process and Equal Protection Clauses of the United States Constitution.
The merits of the underlying proceeding deal with whether respondent’s termination of petitioner’s Medicaid provider status was arbitrary and capricious. Petitioner has not offered any evidence on this issue in the Federal court action. The Federal court action was not dismissed after plaintiff’s close of evidence regarding the merits of the underlying case. The Federal court ruling on the constitutionality of 18 NYCRR 504.7 (a) does not constitute "a final judgment upon the merits” pursuant to CPLR 5013.
In Gaines v City of New York (215 NY 533, 539), the Court of Appeals states of the predecessor statute (Code Civ Pro § 405) that, "The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts.”
Petitioner in bringing the instant proceeding within six *214 months of the decision of the Circuit Court of Appeals has timely commenced this article 78 proceeding pursuant to CPLR 205 (a). (See, Matter of Kinsella v Board of Educ., 64 AD2d 738.)
Respondent also seeks to dismiss the petition on the ground of collateral estoppel.
Petitioner raises, in this proceeding, the same constitutional challenges of 18 NYCRR 504.7 (a) which has been decided in the Federal court and, therefore, is collaterally estopped from raising the same issues in this proceeding. (Kaufman v Lilly & Co., 65 NY2d 449; Matter of City of Yonkers v Yonkers Racing Corp., 171 AD2d 663.)
Based on the foregoing, that portion of respondent’s cross motion for an order dismissing the petition on the ground that it is barred by the Statute of Limitations is denied. Respondent shall have 30 days from the date of this order to serve answering papers to the petition and petitioner’s order to show cause. Petitioner’s instant order to show cause shall be placed back on the Motion Calendar of Part 55 on October 30, 1991 at 2:00 p.m. for final disposition.
That portion of respondent’s cross motion for an order dismissing the petition on the ground of collateral estoppel is granted only to the extent of dismissing that portion of the petition which seeks to declare 18 NYCRR 504.7 (a) void as being contradictory to existing statutes and regulations, and as being violative of the equal protection and due process provisions of the United States Constitution.
That portion of respondent’s cross motion for an order dismissing the petition for failure to state a cause of action is denied.