11-2412-cv
Doyle v. John G. Roberts, Jr., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of February, two thousand twelve.

Present:    ROBERT A. KATZMANN,
            DENNY CHIN,
                    *Circuit Judges*,
            LEE H. ROSENTHAL,
                    *District Judge*.[*]

---

ROBERT DOYLE,

    *Plaintiff-Appellant*,

       v.                                        No.  11-2412-cv

JOHN G. ROBERTS, JR., in his capacity as Chief Justice of the United States, SAMUEL ANTHONY ALITO, STEPHEN G. BREYER, RUTH BADER GINSBURG, ANTHONY M. KENNEDY, ANTONIN SCALIA, SONIA SOTOMAYOR, ELENA KAGAN, CLARENCE THOMAS, each in their capacity as an Associate Justice of the Supreme Court of the United States,

    *Defendants-Appellees*.

---

[*] The Honorable Lee H. Rosenthal, United States District Court for the Southern District of Texas, sitting by designation.

For Plaintiff-Appellant:           TODD C. BANK, Kew Gardens, N.Y.

For Defendant-Appellee:            DAVID ESKEW (Varuni Nelson, Gail A. Matthews, *on
                                   the brief*), Assistant United States Attorneys, *of
                                   counsel*, *for* Loretta E. Lynch, United States Attorney
                                   for the Eastern District of New York.


      Appeal from the United States District Court for the Eastern District of New York (Gleeson, *J.*).

      **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

      Plaintiff-Appellant Robert Doyle appeals from a May 4, 2011 judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*), dismissing Doyle's complaint, which was brought against all of the Justices of the United States Supreme Court. Doyle's complaint sought a judgment declaring that 28 U.S.C. § 1254(1) violates the United States Constitution insofar as it provides the Justices with discretion over whether to grant certiorari petitions. It also sought the issuance of a writ of mandamus directing the Justices to vacate the denial of a petition for certiorari, and grant review, in *Doyle v. Am. Home Prods. Corp.*, 583 F.3d 167, 168 (2d Cir. 2009), *cert. denied*, 130 S. Ct. 2099 (2010). On appeal, Doyle contends that the district court erred in dismissing his complaint because 28 U.S.C. § 1254(1), which provides the Justices with discretion over whether to grant certiorari petitions, constitutes an unconstitutional delegation of legislative power to the judiciary. We presume the parties' familiarity with the facts and procedural history of this case.

      We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, taking its factual allegations to be true, and drawing all reasonable inferences in the plaintiff's favor. *See Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Ger.*, 615 F.3d 97, 113-14 (2d Cir. 2010).

2

We first turn to Doyle's contention that 28 U.S.C. § 1254(1) is unconstitutional because it provides unlimited discretion to the Supreme Court over whether to grant certiorari petitions. Section 1254(1) provides that "[c]ases in the courts of appeals may be reviewed by the Supreme Court by . . . writ of certiorari granted upon the petition of any party to any civil or criminal case, before or after rendition of judgment or decree." Doyle first argues that the decision of whether to grant a certiorari petition is not an exercise of judicial power. He then argues that because Congress delegated this power to the Supreme Court without providing any intelligible principles that would guide and bind the Court in making certiorari decisions, 28 U.S.C. § 1254(1) violates the non-delegation doctrine. We reject Doyle's argument for substantially the reasons articulated by the district court in its well-reasoned Memorandum and Order. *See Doyle v. Roberts*, 10–CV–2278 (JG), 2011 WL 1740305 (E.D.N.Y. May 4, 2011). In particular, as noted by the district court:

> The Supreme Court's "approach to other nonadjudicatory activities that Congress has vested either in federal courts or in auxiliary bodies within the Judicial Branch has been identical to [its] approach to judicial rulemaking: consistent with the separation of powers, Congress may delegate to the Judicial Branch nonadjudicatory functions that do not trench upon the prerogatives of another Branch and that are appropriate to the central mission of the Judiciary." Few things are more appropriate to the central mission of the judiciary than the high court's ability under § 1254(1) to manage its caseload by selecting from among more than 10,000 petitions each year the cases in which Supreme Court review will most assist not only the parties but also the lower federal courts, the coordinate branches of government, and the public at large.

*Id.* at *2 (quoting *Mistretta v. United States*, 488 U.S. 361, 388 (1989)) (internal citations omitted) (alteration in original).

Having determined that 28 U.S.C. § 1254(1) is not unconstitutional, we similarly reject Doyle's request for a writ of mandamus. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff . . . only if the defendant owes him

3

a *clear nondiscretionary* duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (emphasis added). Because the decision to grant or deny certiorari is left to the discretion of the Supreme Court, *see, e.g.*, *Heckler v. Edwards*, 465 U.S. 870, 876 (1984) (referring to "discretionary Supreme Court review" as the "general rule"), Doyle has not established "a 'clear and indisputable right' to [the writ's] issuance," *Escaler v. U.S. Citizenship & Immigration Servs.*, 582 F.3d 288, 292 (2d Cir. 2009) (internal quotations omitted).

We have considered Doyle's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK