11-2999-cv
Robinson v. State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of June, two thousand twelve.

PRESENT:
>        RALPH K. WINTER,
>        CHESTER J. STRAUB,
>        DENNY CHIN,
>              _Circuit Judges_.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DAVID ROBINSON, JR.,

>              _Plaintiff-Appellant_,

>        -v.-                                          11-2999-cv

STATE OF NEW YORK, GEORGE ALEXANDER, Individually and as Chairman, New York State Division of Parole, MICHAEL FORK, Individually and as Bureau Chief, and MS. BENJAMIN and MR. FERNANDEZ, Individually and as Parole Officers,

>              _Defendants-Appellees_.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      David Robinson, Jr., _pro se_, Rosedale, New York.

FOR DEFENDANTS-APPELLEES:      Andrew B. Ayers, Assistant Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General, Barbara D. Underwood, Solicitor General, _for_ Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

---

[*]      The Clerk of Court is directed to amend the official caption as shown above.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, <u>J.</u>).  **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** for further proceedings.

Plaintiff-appellant David Robinson, Jr., proceeding <u>pro se</u>, appeals the district court's dismissal of his complaint against defendants-appellees New York State and various personnel of the Division of Parole (the "State").  The district court issued a memorandum decision and order, dated March 26, 2010, granting in part and denying in part the State's motion for judgment on the pleadings and denying Robinson's motion for summary judgment.  On June 22, 2011, the district court issued a second memorandum decision and order, granting the State's motion for summary judgment dismissing Robinson's remaining claims.  Judgment was entered the same day.[1]

---

[1]  Although the judgment referred only to the district court's June 22, 2011 decision and Robinson likewise referred in his notice of appeal only to the June 22, 2011 decision (without referring to the March 26, 2010 decision), we liberally construe Robinson's notice of appeal to seek review of both district court decisions, as the notice "appeals the dismissal of his complaint and all its claims in its entirety."  Notice of Appeal, <u>Robinson v. New York</u>, No. 09-cv-455(GLS)(RFT) (N.D.N.Y. July 22, 2011), ECF No. 68; <u>see also</u> <u>Sahu v. Union Carbide Corp.</u>, 548 F.3d 59, 65 (2d Cir. 2008) ("[W]e construe notices of appeal liberally, taking the parties' intentions into account." (citation and internal quotation marks omitted)); <u>Brownell v. Krom</u>, 446 F.3d 305, 310 (2d Cir. 2006) (liberally construing <u>pro se</u> submissions).

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of judgment on the pleadings under Federal Rule of Civil Procedure 12(c) de novo. Doyle v. Am. Home Prods. Corp., 583 F.3d 167, 170-71 (2d Cir. 2009). We review a district court's grant of summary judgment de novo. Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 59-60 (2d Cir. 2010).

We have conducted an independent review of the record. With one exception discussed below, we affirm the district court's judgment for substantially the reasons stated by the district court in its March 26, 2010 and June 22, 2011 decisions.[2]

With respect to Robinson's Fourteenth Amendment due process and equal protection claims based on the imposition of a special parole condition requiring Robinson to seek permission to possess a driver's license and operate a motor vehicle, the district court, in its June 22, 2011 memorandum decision and order, found that the individual defendants were entitled to

---

[2] Robinson fails to raise any argument as to (1) the special condition requiring him to obtain permission before using a computer with internet access and (2) the district court's dismissal on sovereign immunity grounds of the claims for damages against New York State and the individual defendants in their official capacities. Accordingly, we consider these claims abandoned. Cruz v. Gomez, 202 F.3d 593, 596 n.3 (2d Cir. 2000) ("When a litigant -- including a pro se litigant -- raises an issue before the district court but does not raise it on appeal, the issue is abandoned.").

qualified immunity and dismissed the claims in their entirety. We agree that as to Robinson's claims for damages, the individual defendants were entitled to qualified immunity and thus we affirm the district court's dismissal of the monetary claims. See Higazy v. Templeton, 505 F.3d 161, 169 (2d Cir. 2007) ("Qualified immunity shields government officials from civil suits for damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982))); Luna v. Pico, 356 F.3d 481, 490 (2d Cir. 2004) ("[E]ven assuming a state official violates a plaintiff's constitutional rights, the official is protected nonetheless if he objectively and reasonably believed that he was acting lawfully.").

The district court erred, however, in dismissing Robinson's due process and equal protection claims for equitable relief on this basis. Qualified immunity only bars monetary damages -- it does not bar declaratory or injunctive relief, Adler v. Pataki, 185 F.3d 35, 48 (2d Cir. 1999), which Robinson also sought in connection with his constitutional claims, see Compl. ¶ 14, Robinson v. New York, No. 09-cv-455(GLS)(RFT) (N.D.N.Y. April 16, 2009), ECF No. 1. While the district court discussed the State's rationale in imposing the motor vehicle condition on parolees, it did not rule on the merits of Robinson's claims. Therefore, we remand so that the district court may consider the merits in the first instance.

-4-

We have considered Robinson's remaining arguments on appeal and find them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED** in part and **VACATED** in part and **REMANDED** for further proceedings.


                        FOR THE COURT:
                        CATHERINE O'HAGAN WOLFE, CLERK