12-91-cv
Triola v. ASRC Management Services

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of July, two thousand twelve.

PRESENT:
           RALPH K. WINTER,
           CHESTER J. STRAUB,
           DENNY CHIN,
                     _Circuit Judges_.

- - - - - - - - - - - - - - - - - - -x

THOMAS J. TRIOLA,
           _Plaintiff-Appellant_,

           -v.-                                    12-91-cv

ASRC MANAGEMENT SERVICES, a wholly
owned subsidiary of Arctic Slope
Regional Corporation, AKA ASRC MS,
TIMOTHY GEITHNER, Secretary, United
States Department of the Treasury,
           _Defendants-Appellees_.

- - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        ALAN E. WOLIN, Wolin & Wolin,
                                Jericho, New York.

FOR DEFENDANTS-APPELLEES:       JOHN T. BAUER (Lisa M. Griffith, _on the brief_), Littler Mendelson, P.C., Melville, New York, _for_ ASRC Management Services.

                                ELLEN LONDON, Assistant United States Attorney (Neil M. Corwin, Assistant United States Attorney,

on the brief), <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, New York, <u>for</u> Timothy Geithner.

Appeal from the United States District Court for the Eastern District of New York (Korman, <u>J.</u>). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Thomas Triola appeals from the district court's December 12, 2011, judgment dismissing his complaint against defendants-appellees ASRC Management Services ("ASRC") and Timothy Geithner. The district court entered judgment pursuant to two separate decisions and orders. The first, dated August 12, 2010, granted ASRC's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The second, dated December 12, 2011, granted Geithner's motion to dismiss the complaint pursuant to Rule 12(b)(6) and Rule 12(c).

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) <u>de novo</u>, "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." <u>ECA & Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.</u>, 553 F.3d 187, 196 (2d Cir. 2009). We review a district court's grant of judgment on

the pleadings under Federal Rule of Civil Procedure 12(c) <u>de novo</u>, <u>Doyle v. Am. Home Prods. Corp.</u>, 583 F.3d 167, 170-71 (2d Cir. 2009), applying the same standards applied under Rule 12(b)(6), <u>Cleveland v. Caplaw Enters.</u>, 448 F.3d 518, 521 (2d Cir. 2006). We review denial of leave to amend a complaint for abuse of discretion. <u>Hutchison v. Deutsche Bank Sec. Inc.</u>, 647 F.3d 479, 490 (2d Cir. 2011).

We have conducted an independent review of the record in light of these principles. For substantially the reasons stated by the district court in its thorough and well-reasoned decisions, we conclude that the district court properly dismissed the complaint and that it did not abuse its discretion in not granting Triola leave to amend his complaint.[1]

The district court correctly held that Triola's retaliation claim based on his prior age discrimination complaint was not cognizable under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e <u>et seq.</u> ("Title VII"). <u>See</u> <u>Bornholdt v. Brady</u>, 869 F.2d 57, 62 (2d Cir. 1989) (noting Title VII does not apply to plaintiff's reprisal claim based on prior age discrimination complaints "since that statute governs complaints relating only to discrimination on the basis of race, color, religion, sex, or national origin, and not discrimination on the basis of age"); <u>see also</u> <u>Gen. Dynamics Land Sys. v. Cline</u>, 540 U.S. 581, 586-87

---

[1] Triola asserts that the district court should have granted his request for leave to amend his complaint. The district court, however, never expressly denied Triola leave. We nevertheless construe the court's entry of final judgment in the case as an effective denial of leave.

(2004) (noting "Congress chose not to include age within discrimination forbidden by Title VII"); Lennon v. Rubin, 166 F.3d 6, 8 (1st Cir. 1999) ("We reject [plaintiff's] challenge to the district court's dismissal of his Title VII claims for retaliation based on age discrimination complaints.").

Moreover, even assuming Triola's claims were cognizable under Title VII or that they had been brought under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., we agree that Triola's claim based on the 2006 job offer rescission would be time-barred and that his claim based on the 2009 job application did not plead any "plausible theory of retaliation." Triola v. ASRC Mgmt. Servs., No. 10-CV-560 (ERK) (ALC), 2010 WL 3218414, at *4 n.2 (E.D.N.Y. Aug. 12, 2010).

We have considered Triola's remaining arguments on appeal and find them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.


                        FOR THE COURT:
                        CATHERINE O'HAGAN WOLFE, CLERK